UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VICTORIA TOENSING<br>56 Riberia Street<br>St. Augustine, FL 32084<br><br>          Plaintiff,<br>v.<br><br>U.S. Department of Justice<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530<br><br>          Defendant. | Civil Case No. 1:24-cv-2444 |

**COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT**

Plaintiff Victoria Toensing (Plaintiff or Ms. Toensing) for her complaint against Defendant U.S. Department of Justice (the Department or DOJ) alleges as follows:

1) This action is under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel production of records and/or a lawful response on the part of Defendant to two separate FOIA requests.[1]

2) Plaintiff's first FOIA request (First Request) was submitted June 20, 2024, and denied in full by DOJ on June 26, 2024, claiming falsely that a "Certification of Identity" form was not included when it was. The First Request was administratively appealed on July 8, 2024. No response to that administrative appeal has been received by Plaintiff.

---

[1] Each request at issue was made pursuant to FOIA and also pursuant to the Privacy Act. DOJ has not yet responded to the Privacy Act requests or to an administrative appeal regarding those requests, and this litigation does not encompass any potential claims under the Privacy Act. Thus, the Privacy Act portion of Plaintiff's requests remains pending in the administrative process.

1

3) Plaintiff's second FOIA request (Second Request) was submitted on July 15, 2024. On July 17, 2024, DOJ acknowledged the request in a letter erroneously dated July 12, 2024. No substantive determination or response has been received by Plaintiff.

4) A true and correct copy of the First Request is attached as Exhibit A. A true and correct copy of Defendant's denial of that FOIA request is attached as Exhibit B. A true and correct copy of Plaintiff's administrative appeal is attached as Exhibit C.

5) A true and correct copy of the Second Request is attached as Exhibit D.

6) Both of Plaintiff's FOIA requests included requests for fee waiver. Plaintiff was entitled to a waiver of all FOIA fees.

7) DOJ's failure to issue a timely determination with respect to the administrative appeal of the First Request within the 20-day time limit established under, *inter alia*, 5 U.S.C.S. § 552(a)(6)(A)(i), violates FOIA. Because Plaintiff timely and properly invoked her right to administratively appeal, and Defendant failed to respond timely to the administrative appeal, Plaintiff has no obligation to further exhaust any administrative remedies.

8) DOJ's failure to issue a timely determination with respect to the Second Request within the 20-day time limit established under, *inter alia*, 5 U.S.C.S. § 552(a)(6)(A)(i), violates FOIA.

9) Defendant has not provided a timely or lawful determination capable of administrative appeal with reference to the Second Request. Therefore, Ms. Toensing has no obligation to administratively appeal before seeking relief in this Court. *Citizens for Responsibility and Ethics in Washington* (*CREW*) *v. Federal Election Commission*, 711 F.3d 180 (D.C. Cir. 2013) (a FOIA "determination" requires more than a mere letter acknowledging the

existence of a request and Defendant's failure to timely make a "determination" renders a case ripe for judicial review).

10) Defendant's failure to respond in any meaningful way whatsoever to Plaintiff's Second Request prior to this litigation being commenced, constructively exhausted all Plaintiff's administrative remedies, leaving Plaintiff no choice but to file this lawsuit to compel DOJ to comply with the law regarding release of agency records and the requirement to make a determination.

11) Because DOJ is ignoring FOIA's statutory deadlines, Plaintiff asks this Court to compel Defendant to search for and release records responsive to her First Request and Second Request, and to provide an index of any claimed exempt material for purposes of further judicial review.

## PARTIES

12) Plaintiff Victoria Toensing is an attorney, who is a member of the D.C. Bar and resident of North Florida. In April 2021, she was the target of unprecedented action by DOJ, which sought and received a search warrant authorizing the seizure of all her electronic information, which included all her client files and correspondence. This action was contrary to DOJ policy, which generally requires issuance of a subpoena rather than a search warrant for lawyers' files, and required the Attorney General to authorize the actions taken against Ms. Toensing. Ms. Toensing was not the "target" of the warrant, but was cited as having information of a third party committing a crime, all the more reason for DOJ issuing a subpoena rather than a search warrant. Because of this warrant, Ms. Toensing had to spend over $500,000.00 to retain legal counsel to protect all applicable legal privileges belonging to her clients. DOJ refused to utilize search terms to locate relevant documents. Instead, its position was all material seized was DOJ's

unless Ms. Toensing protected her clients by asserting privilege as to each client document.[2] Media reported on the unusual proceedings that ensued in the U.S. District Court for the Southern District of New York. In fact, CNN called Ms. Toensing mere minutes after the FBI left, asking her to comment on "the raid" of her home.

13) DOJ is a federal "agency" within the meaning of the Freedom of Information Act and is headquartered in Washington, DC.

## JURISDICTION AND VENUE

14) This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this action is brought in the District of Columbia, and 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

15) Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because the records are likely held within the geographic borders of the District of Columbia or managed from within Washington, DC.

16) Additionally, venue is proper because DOJ is a federal agency that operates in the District of Columbia.

17) Administrative remedies were exhausted with respect to the First Request because Plaintiff timely filed an administrative appeal, notwithstanding that DOJ ignored that administrative appeal.

18) There is no obligation for Plaintiff to exhaust administrative remedies with respect to the Second Request, because Defendant failed to provide a proper and lawful

---

[2] After 18 months, DOJ found not one relevant document. But DOJ already knew there were none as it had covertly accessed all of Ms. Toensing's electronic data in late 2019.

"determination" request and Ms. Toensing therefore has no obligation to administratively appeal.

## STATUTORY BACKGROUND

19) FOIA provides that a requesting party is entitled to a substantive agency response within twenty working days, including a determination of whether the agency intends to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i).  Within that deadline, the agency must also "determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents," and "inform the requester that it can appeal whatever portion of" the agency's "determination" is adverse to the requestor. *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013); *accord Shermco Industries v. Secretary of U.S. Air Force*, 452 F. Supp. 306, 317 (N.D.  Tex. 1978).

20) 5 U.S.C. § 552(a)(6)(A) prescribes that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request for information and toll the 20-day period while it awaits information reasonably requested from the requester, 5 U.S.C. § 552(a)(6)(A)(ii)(I), and the agency may toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. 5 U.S.C. § 552(a)(6)(A)(ii)(II). In either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period.

21) Neither provision with reference to tolling applies to the First Request or the Second Request because DOJ did not seek additional information from Plaintiff.

22) Defendant owed Plaintiff a "determination" with respect to her administrative appeal of the First Request, as that term is defined in *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013), by approximately August 5, 2024 (or at the latest August 19, 2024, if Defendant had demonstrated "unusual circumstances" truly prevented an earlier response). To date,

however, the DOJ has provided no response to the administrative appeal of the First Request.

23) Defendant owed Plaintiff a "determination" with respect to her Second Request, as that term is defined in *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013), by approximately August 15, 2024. To date, however, DOJ has provided no lawful "determination" with respect to that FOIA request.

24) In *Bensman v. National Park Service*, 806 F. Supp. 2d 31 (D.D.C. 2011), this Court noted: "[The effect of] the 2007 Amendments was to impose consequences on agencies that do not act in good faith or otherwise fail to comport with FOIA's requirements."

25) To underscore Congress's belief in the importance of the statutory time limit, the 2007 Amendments declare that '[a]n agency shall not assess search fees… if the agency fails to comply with *any time limit*' of FOIA" (*emphasis* added).

26) Defendant is now past its statutory period for issuing a lawful determination with respect to the above-described requests. Further, that time has elapsed without Defendant having provided the records Plaintiff sought. Among the consequences of Defendant's violation(s) of the statutory time limits of FOIA is that Defendant cannot now seek fees.

27) Defendant is improperly failing to search for records, failing to produce records, failing to issue a determination, and asserting a continued right to assess fees upon Plaintiff.

28) Defendant is constructively or actually denying Plaintiff access to agency records and a lawful determination with respect to such records in violation of FOIA.

## FIRST CLAIM FOR RELIEF
## Duty to Produce Records – Declaratory Judgment

29) Plaintiff re-alleges all of the foregoing paragraphs as if fully set out herein.

30) Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business.

31) Plaintiff has a statutory right to the information and records she seeks and that Defendant has unlawfully withheld.

32) Plaintiff is not required to further pursue administrative remedies, or alternatively has constructively or actually exhausted such remedies.

33) Plaintiff asks this Court to enter a judgment declaring that:

    a. Plaintiff is entitled to records responsive to her FOIA requests described above, but Defendant failed to provide them; and that

    b. Defendant's processing of Plaintiff's FOIA request and administrative appeal described above is not in accordance with law, and does not satisfy Defendant's obligations under FOIA; and that

    c. Defendant must now produce records responsive to Plaintiff's request and must do so at no cost to Plaintiff.

## SECOND CLAIM FOR RELIEF
## Duty to Produce Records – Injunctive Relief

34) Plaintiff re-alleges all the foregoing paragraphs as if fully set out herein.

35) Plaintiff is entitled to injunctive relief compelling Defendant to search for and produce the records responsive to the FOIA request(s) described in this pleading.

36) Plaintiff asks the Court to enter an injunction ordering Defendant to search for and produce to Plaintiff, within 10 business days of the date of the order, the requested records sought in Plaintiff's FOIA request described above.

37) Plaintiff asks the Court to order the parties to consult regarding withheld documents and to file a status report to the Court within 30 days after Plaintiff receives the last of the

produced documents, addressing Defendant's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with Plaintiff's challenges to Defendant's withholdings, if any, and any other remaining issues.

### THIRD CLAIM FOR RELIEF
### Costs And Fees – Injunctive Relief

38) Plaintiff re-alleges all of the foregoing paragraphs as if fully set out herein.

39) Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

40) This Court should enter an injunction or other appropriate judgment or order requiring Defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

WHEREFORE, Plaintiff requests the declaratory and injunctive relief herein sought, and an award for her attorney fees and costs and such other and further relief as the Court shall deem proper.

Respectfully submitted this 23rd day of August, 2024,

VICTORIA TOENSING
By Counsel:

/s/Matthew D. Hardin
Matthew D. Hardin, D.C. Bar # 1032711
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com

8