UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VICTORIA TOENSING,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civil Action No. 24-2444 (SLS) |

**DEFENDANT'S NOTICE TO THE COURT**

Defendant, the United States Department of Justice ("DOJ" or "Defendant"), by and through undersigned counsel, respectfully submits this notice to the Court pursuant to the Court's Minute Order dated September 2, 2026.

Defendant had filed with the Court a consent motion to extend the time to file summary judgment (ECF No. 26). This request was primarily due to an active case in the United States District Court for the District of Maryland, *In the Matter of the Search of 5807 Hillburne Way, Chevy Chase, MD, 20815*, Case No. 8:21-mj-01202-GLS, where the Government had taken the position in a pending motion that material regarding this Plaintiff should be unsealed, and much of that material Plaintiff also seeks in the instant FOIA action.

Recently, on September 22, 2026, the United States District Court in Maryland issued an order granting Victoria Toensing's motion to intervene and unseal search warrant materials. *See* attached order: "The Court finds that the common light of access to judicial records and documents tilts towards unsealing the search warrant materials." The Court ordered the Government "to file proposed redactions under seal no later than seven days following the date of this order."

This Court's September 2, 2026 Minute Order directed the DOJ "to file a notice within three days of the decision mentioned in the 26 Motion and 27 Notice addressing how it impacts their disputes."

The order in the Maryland case will require DOJ to review all the records in that case that are marked as responsive and scheduled to be released for their applicability to the request in the case at bar. DOJ will also have to discuss with Plaintiff the released documents and their impact on this case to see if the instant request is satisfied or can be significantly narrowed. Further, DOJ will need to review the records from the Maryland case to the records in the instant case to see what exemptions need to be lifted and DOJ will need to consult with other DOJ components. Unfortunately, addressing how the Maryland order impacts the present FOIA case is not something that can be completed quickly.

As such, DOJ will likely be requesting a continuance of the date to file its motion for summary judgment, presently scheduled for October 5, 2026. DOJ will be asking the Court to allow the Parties to file a Joint Status Report in early December so that they may be given time to review the released records, the applied Exemptions, and confer about outstanding issues and whether summary judgment will be necessary or narrowed.

DOJ believes that once the Parties have had an opportunity to review the material to be released and confer about it, it may serve to obviate the need for summary judgment or potentially narrow the dispute.

Dated: September 25, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: /s/ *Thomas W. Duffey*
THOMAS W. DUFFEY
Assistant United States Attorney

601 D Street, N.W.
Washington, D.C. 20530
(202) 252-2510
Thomas.duffey@usdoj.gov

*Attorneys for the United States of America*