UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VICTORIA TOENSING,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civil Action No. 24-2444 (SLS) |

**DEFENDANT'S CONSENT MOTION FOR A STAY OF THE SUMMARY JUDGMENT BRIEFING SCHEDULE**

Defendant, the United States Department of Justice ("DOJ" or "Defendant"), by and through undersigned counsel in this Freedom of Information Act ("FOIA") case, respectfully moves for a stay of the summary judgment briefing schedule until further order of the Court, and that the parties meet and confer and file, by December 4, 2026, a status report updating the Court on the status and propose a new summary judgment briefing schedule, if necessary. Defendant's motion for summary judgment is presently due on October 5, 2026.

Pursuant to Local Civil Rule 7(m), undersigned counsel consulted with counsel for Plaintiff, Matthew Hardin, regarding the relief requested in this motion and he kindly assented.

**ARGUMENT**

Good grounds exist for the granting of this motion, and this Court should use its broad discretion to stay the summary judgment briefing schedule.

Pursuant to the Notice filed with the Court by Defendant on September 25, 2026 (ECF No. 28), and the attached order from the United States District Court for the District of Maryland (ECF No. 28-1), this Court was informed of a decision which impacts this FOIA matter by the United

States District Court for the District of Maryland, *In the Matter of the Search of 5807 Hillburne Way, Chevy Chase, MD*, 20815, Case No. 8:21-mj-01202-GLS.

On September 22, 2026, the United States District Court in Maryland issued the order granting Victoria Toensing's motion to intervene and unseal search warrant materials.

This Court's September 25, 2026 Minute Order directed that:

> The Court expects that any request for an extension of the briefing deadlines will address how many documents/pages in this case are impacted by the Maryland order, which DOJ components need to review the documents, and a reasonable timeline for that review. Additionally, if the Parties still intend to move for summary judgment, the Court will require them to meet and confer in person to attempt to resolve or narrow any remaining disputes.

As set forth in Defendant's September 25, 2026 Notice, the order in the Maryland case will require DOJ to review all the records in that case that are marked as responsive and scheduled to be released for their applicability to the request in the case at bar. DOJ will also have to discuss with Plaintiff the released documents and their impact on this case to see if the instant request is satisfied or can be significantly narrowed. Further, DOJ will need to review the records from the Maryland case and compare to the records in the instant case to see what exemptions need to be lifted. Unfortunately, addressing how the Maryland order impacts the present FOIA case is not something that can be completed quickly.

Defendant here had provided a *Vaughn* index in preparation for filing a motion for summary judgment, as directed by the Court. As a result of the Maryland order, all of the documents listed in the *Vaughn* are impacted and will have to be reviewed by the Executive Office for United States Attorneys ("EOUSA"). The *Vaughn* lists 143 documents and a total of 1,243 pages that will need to be reviewed in conjunction with the Maryland Court order. That process should take approximately 60 days.

Defendant believes that once it has completed its review and the Parties have had an opportunity to meet and confer in person as directed by the Court, it may serve to either resolve the dispute or narrow any remaining issues for summary judgment.

Defendant requests this stay in good faith and not for the purpose of delay.

No party will be prejudiced by the granting of this motion as Plaintiff has consented and there is a potential that this stay may obviate the need for summary judgment or narrow any remaining issues.

Due to the foregoing, it is respectfully requested that summary judgment briefing be stayed until December 4, 2026, and that the parties meet and confer and file a status report by that date to update the Court on the status and propose a new summary judgment briefing schedule, if necessary.

A proposed order is attached.

Dated: October 2, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: /s/ *Thomas W. Duffey*
THOMAS W. DUFFEY
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-2510
Thomas.duffey@usdoj.gov

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VICTORIA TOENSING,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civil Action No. 24-2444 (SLS) |

**[PROPOSED] ORDER**

This matter, having come before the Court on the consent motion of the Defendant to stay the summary judgment briefing schedule and the Court having considered the motion, and the entire record herein, the motion is GRANTED, and it is

ORDERED, that the summary judgment briefing schedule is stayed until further order of the Court;

That the parties meet and confer and file a Joint Status Report on or before December 4, 2026, to update the Court on the status and to propose a new summary judgment briefing schedule, if necessary.

____________________________
SPARKLE S. SOOKNANAN
United States District Judge